UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

Frank McKithen

    v.

Richard Brown

------------------------------*

I HEREBY ACKNOWLEDGE RECEIPT
OF THE CERTIFIED COPY OF DOCKET
ENTRIES, INDEX AND VOLUMES OF
ORIGINAL RECORD.

DATE: _6-10-03_ YS.
Roseann B. MacKechnie

DATE: 6/10/03 CLERK, U.S.C.A. 2nd Cir.

U.S.D.C. NO: CV-02-1670

JUDGE: Gleeson

U.S.C.A.

## INDEX TO RECORD ON APPEAL

    INDEX PREPARED BY: Mary Ann McGee,
                          Appeals Clerk - E.D.N.Y.
                          718 260-2310

    The documents circled on the following pages constitute the record on appeal.  Documents with an * are missing and will be forwarded as soon as possible.

Dated:    6/10/03
           Brooklyn, New York

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 30 2003 ★

LONG ISLAND OFFICE

|  |  | TERMINATED: 08/26/2002<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|

**Queens County District Attorneys Office**  represented by  **Caryn A. Rosencrantz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen A. Donohue**
(See above for address)
*TERMINATED: 08/26/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 03/01/2002 | 2 | Request to Waive Filing Fee (Bowens, Priscilla) (Entered: 03/19/2002) |
| 03/01/2002 | 1 | Complaint filed as to defendant(s) Richard Brown, Queens County District Attorneys Office.. Filed by pro se Frank McKithen. (Attachments: # 1 Civil Cover Sheet)(Bowens, Priscilla) (Entered: 03/19/2002) |
| 04/15/2002 | 3 | Order: Pltff's application to proceed in forma pauperis under 28 U.S.C. sec. 1915 is hereby granted. Pltff's application for the appointment of counsel is denied w/out prejudice to a later point in these proceedings. The USMS is directed to serve the summons and complaint upont the defts w/out prepayment of fees. (Signed by USMJ Bloom, on 4/11/02). C/M Inter-Off Svc. w/Marshals'. (Layne, Monique) (Entered: 04/15/2002) |
| 04/15/2002 |  | ** Case set to IFP status. (Layne, Monique) (Entered: 04/15/2002) |
| 04/15/2002 |  | Summons issued as to Queens County Dist. Atty's Office and Richard A. Brown, Queens County D.A. filed by pro se Frank McKithen. (Layne, Monique) (Entered: 04/15/2002) |
| 05/07/2002 | 4 | SUMMONS Returned Executed by pro se Frank McKithen. Richard Brown served on 4/29/2002, answer due 5/20/2002; Queens County District Attorneys Office served on 4/29/2002, answer due 5/20/2002 filed by pro se Frank McKithen. (Layne, Monique) (Entered: 05/07/2002) |
| 06/20/2002 | 5 | Order: granting ACC's application for an extension of time to 8/2/02 to respond to pltff's complaint. (Signed by USMJ Bloom, on 6/17/02). C/M. (Layne, Monique) (Entered: 06/20/2002) |

| 06/20/2002 | | ** Attorney Kathleen A. Donohue for Richard Brown and Queens County District Attorneys Office added to the case, per doc. #5. (Layne, Monique) (Entered: 06/20/2002) |
|---|---|---|
| 08/05/2002 | ⬤ 6 | Motion to dismiss filed by Kathleen A. Donohue on behalf of Richard Brown, Queens County District Attorneys Office. (DiLorenzo, Krista) (Entered: 08/08/2002) |
| 08/05/2002 | ⬤ 7 | Memorandum in support *of Dfts' Motion to Dismiss* filed by Kathleen A. Donohue on behalf of Richard Brown, Queens County District Attorneys Office. (DiLorenzo, Krista) (Entered: 08/08/2002) |
| 08/12/2002 | ⬤ 8 | ORDER REFERRING MOTION signed by Judge Gleeson on 8/8/02 referring to Judge Magistrate Judge Bloom for a Report and Recommendation on the motion to dismiss. C/M by Chambers. (DiLorenzo, Krista) (Entered: 08/12/2002) |
| 08/26/2002 | ⬤ 9 | Declaration in Opposition to Deft's Motion for Summary Judgment filed by pro se Frank McKithen. (Galeano, Sonia) Filed in Hard Copy. Fwd. to USMJ Bloom. (Entered: 08/26/2002) |
| 08/26/2002 | | ** Attorneys Kathleen A. Donohue and Kathleen A. Donohue terminated. (Glenn, Marilyn) (Entered: 08/26/2002) |
| 08/26/2002 | | ** Attorneys Caryn A. Rosencrantz for Richard Brown and Queens County District Attorneys Office added to the case. (Glenn, Marilyn) (Entered: 08/26/2002) |
| 09/30/2002 | ⬤ 10 | Reply memorandum of law *in further support of their motion to dimiss* filed by Caryn A. Rosencrantz on behalf of Richard Brown, Queens County District Attorneys Office. (Related document(s)[6]) (DiLorenzo, Krista) (Entered: 10/02/2002) |
| 11/14/2002 | ⬤ 11 | REPLY to the Memorandum of Law signed by dft's counsel Caryn Rosencrantz on 9/20/2002 (doc.# 10); filed by Pro Se, Frank McKithen. (Latka-Mucha, Wieslawa) (Entered: 11/14/2002) |
| 03/28/2003 | ⬤ 12 | REPORT AND RECOMMENDATIONS: re Deft's [6]Motion to dismiss. It is therefore reccommended that defts' motion to dismiss be granted and that pltff's complaint under 42 U.S.C. sec. 1983 be dismissed for lack of subject matter jurisdiction.The parties shall have ten (10) days from service of the Report to file written objections (due by 4/7/2003). (Signed by Judge Lois Bloom on 3/27/03). C/M.(Layne, Monique) (Entered: 03/28/2003) |
| 04/18/2003 | ⬤ 13 | ORDER: The court adopts the Report and Recommendation of MJ Bloom and dismisses the complaint for lack of subject matter |

| | | jurisdiction. Signed by Judge John Gleeson on 4/15/03. C/M by chambers. **Forwarded for judgment. (Fahey, Lauren) (Entered: 04/18/2003) |
|---|---|---|
| 04/18/2003 | 15 | OBJECTION to [12] Report and Recommendations by Frank McKithen. (DiLorenzo, Krista) (Entered: 04/23/2003) |
| 04/22/2003 | 14 | JUDGMENT that pltf. take nothing of the dsfts.; that the report and recommendation of Magistrate Judge Bloom is adopted; and that the case is dismissed for lack of subject matter jurisdiction. (Signed by James Giokas, Chief Deputy Clerk on 4/22/03). C/M.(DiLorenzo, Krista) (Entered: 04/22/2003) |
| 04/22/2003 | | ***Civil Case Terminated. (DiLorenzo, Krista) (Entered: 04/22/2003) |
| 04/23/2003 | 16 | ORDER signed by Judge John Gleeson on 4/21/03 denying pltf's objections to be a motion to reconsider my 4/15/03 order and deny that motion. C/M.(DiLorenzo, Krista) (Entered: 04/23/2003) |
| 05/05/2003 | 17 | NOTICE OF APPEAL as to 13 Order on Motion to Dismiss, Order on Report and Recommendations, 14 Judgment 16 Order by Pro Se Frank McKithen. No fee - IFP granted. Service made by Clerk. Acknowledgment requested. (McGee, Mary Ann) (Entered: 06/10/2003) |

I HEREBY ACKNOWLEDGE RECEIPT
OF THE CERTIFIED COPY OF DOCKET
ENTRIES, INDEX AND VOLUMES OF
ORIGINAL RECORD.

DATE: 6/16/03 / Volume 9.R.

Roseann B. MacKechnie
CLERK, U.S.C.A. 2nd Cir.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------X

**David K. Middleton,**
Plaintiff/Appellant

v.

**Phillips, Acting Supt.,**
Defendant/Appellee

-----------------------------X

Date: 06/13/03

USDC No: 02-CV-5631

USCA No:

Judge Ross

## INDEX TO THE RECORD ON APPEAL

INDEX PREPARED BY:    Joshua Jackson, Deputy Clerk

FIRM ADDRESS:    USDC, EDNY, Brooklyn, NY

PHONE #:    (718) 260-2612

Documents Enclosed:    Document numbers are circled.

Missing Documents:    An asterisk (*) is placed beside the document numbers.

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 3 0 2003 ★

LONG ISLAND OFFICE



Case 1:99-cv-04951-CPS-MDG   Document 12   Filed 09/29/99   Page 6 of 55 PageID #: 7

# HABEAS, IFP, APPEAL

## U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:02-cv-05631-ARR

Middleton v. Phillips
Assigned to: Judge Allyne R. Ross
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 10/21/02
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Plaintiff**
-----------------------

**David K. Middleton**                    represented by   **David K. Middleton**
                                                           99A7085
                                                           PO Box 4000
                                                           Stormville, NY 12582
                                                           PRO SE

V.

**Defendant**
-----------------------

**Phillips,** *Acting Superintendent*       represented by   **Morgan James Dennehy**
                                                             Kings County District Attorneys Office
                                                             350 Jay Street
                                                             Brooklyn, NY 11201
                                                             718-250-2515
                                                             Fax : 718-250-2505
                                                             Email: dennehym@brooklynda.org
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 10/21/2002 | 1 | PETITION for Writ of Habeas Corpus. Filed by pro se David K. Middleton. (Attachments: # 1 Civil Cover Sheet)(Joe, Victor) (Entered: |

| | | 10/25/2002) |
|---|---|---|
| 10/21/2002 | **2** | Declaration in Support of Request to Procced IFP filed by pro se David K. Middleton. (Joe, Victor) (Entered: 10/25/2002) |
| 10/21/2002 | **3** | Motion for appointment of counsel filed by pro se David K. Middleton. (Latka-Mucha, Wieslawa) (Entered: 10/30/2002) |
| 11/08/2002 | **4** | ORDER, that petitioner is granted leave to proceed in forma pauperis. That petitioner's application for the appointment of counsel is denied without prejudice to renewal at a later point in these proceedings (doc.# 3). The Clerk of Court shall serve, by certified mail, a copy of this Order, the underlying Petition, and the Memorandum of Law and Exhibits, if any, upon the Atty General of the State of NY and the District Atty of Kings County. (Signed by USMJ Bloom, dtd 11/06/2002) C/M (Latka-Mucha, Wieslawa) (Entered: 11/08/2002) |
| 11/08/2002 | ● | Certified Mail Service upon NYS Atty General and Dist Atty of Kings County re: the Order dtd 11/06/2002 and the underlying Petition. (1) copy of Order dtd 11/06/2002 sent to Petitioner. Tracking#(s) 7002 0510 0001 3174 0324 and 7002 0510 0001 3174 0348.(Latka-Mucha, Wieslawa) (Entered: 11/08/2002) |
| 11/13/2002 | ● | ENDORSED ORDER on doc. #3, denying w/o prejudice petitioner's application for appointment of counsel. (Signed by Judge Lois Bloom, on 11.07.02) c/m (Galeano, Sonia) (Entered: 11/13/2002) |
| 11/15/2002 | **5** | ACKNOWLEDGEMENT OF SERVICE Executed as to Appeals Bureau, Kings County District Atty's Office, re: the Order dtd 11/06/2002 and the underlying Petition. (Latka-Mucha, Wieslawa) (Entered: 11/18/2002) |
| 11/20/2002 | **6** | AFFIDAVIT in Opposition to Petition for a Writ of Habeas Corpus, re: doc.# 1; filed by Morgan J. Dennehy on behalf of the respondent. W/Affidavit of mailing. Fwd to USMJ Bloom. (Latka-Mucha, Wieslawa) (Entered: 11/21/2002) |
| 11/20/2002 | **7** | STATE COURT RECORD RECEIVED (Consisting of Exhibits A, B, C Parts 1-8) Fwd. to USMJ Bloom. (Galeano, Sonia) (Entered: 11/22/2002) |
| 02/13/2003 | ● | Judge Lois Bloom no longer assigned to case. (Villanueva, William) (Entered: 04/30/2003) |
| 05/02/2003 | **8** | ORDER that the petition for writ of habeas corpus filed by David K. Middleton is denied. The Clerk of Court is directed to enter judgment accordingly. (Signed by Judge Allyne R. Ross on 5/1/03) *Forwarded for Judgment* (Johnson, Tanya) (Entered: 05/05/2003) |

Case 1:99-cv-04951-CPS-MDG   Document 12   Filed 09/29/99   Page 8 of 55 PageID #: 9

| 05/07/2003 | 9 | JUDGMENT (Signed by Robert C. Heinemann, Clerk of Court on 5/6/03) (Johnson, Tanya) (Entered: 05/07/2003) |
|---|---|---|
| 05/29/2003 | 11 | NOTICE OF APPEAL by David K. Middleton, pro se, from the 9 Judgment entered 5/7/03. No Fee Paid / IFP granted in document # 4. A certificate of appealability was denied in document # 10. Judge notified. Service by Clerk. (Jackson, Joshua) (Entered: 06/13/2003) |
| 06/13/2003 | 10 | ORDER: A certificate of appealability is denied (signed by USDJ Ross on 6/12/03). Copies mailed to parties. (Jackson, Joshua) (Entered: 06/13/2003) |
| 06/13/2003 |  | Notice of Appeal and Certified Docket Sheet transmitted to U.S. Court of Appeals, re: 11 Notice of Appeal. (Jackson, Joshua) (Entered: 06/13/2003) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------X

**Garland Hughes,**
Plaintiff/Appellant

  v.

**Victor Herbert, Supt.,**
Defendant/Appellee
-----------------------------X

Date: 06/19/03

USDC No: 03-CV-328

USCA No:

**Judge Dearie**

## <u>INDEX TO THE RECORD ON APPEAL</u>

INDEX PREPARED BY:    Joshua Jackson, Deputy Clerk

FIRM ADDRESS:    USDC, EDNY, Brooklyn, NY

PHONE #:    (718) 260-2612



Documents Enclosed:    Document numbers are circled.

Missing Documents:    An asterisk (*) is placed beside the document numbers.

I HEREBY ACKNOWLEDGE RECEIPT
OF THE CERTIFIED COPY OF DOCKET
ENTRIES, INDEX AND
VOLUMES OF ORIGINAL RECORD.

DATE: 6/20/03

Roseann B. MacKechnie
CLERK, U.S.C.A. 2nd Cir.

Case 1:99-cv-04931-CPS-MDG  Document 12  Filed 09/29/99  Page 10 of 55 PageID #: 11

# HABEAS, IFP, APPEAL

### U.S. District Court
### Eastern District of New York (Brooklyn)
### CIVIL DOCKET FOR CASE #: 1:03-cv-00328-RJD

Hughes v. Herbert
Assigned to: Judge Raymond J. Dearie
Referred to: Magistrate-Judge Lois Bloom
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 01/15/03
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: Federal Question

**Plaintiff**
------------------------

**Garland Hughes**

represented by **Garland Hughes**
85A1566
Attica Correctional Facility
PO Box 149
Attica, NY 14011
PRO SE

V.

**Defendant**
------------------------

**Victor Herbert,** *Superintendent*

| Filing Date | # | Docket Text |
|---|---|---|
| 01/15/2003 | 1 | PETITION for Writ of Habeas Corpus , filed by Garland Hughes. (Attachments: # 1 Civil Cover Sheet)(Joe, Victor) (Entered: 01/22/2003) |
| 02/05/2003 | 2 | CERTIFICATE of Counsel Re: Recoverable Damages by Garland Hughes (Credle, Rita) (Entered: 02/05/2003) |
| 02/21/2003 | 3 | ORDER: The Court grants petitioner's request to proceed in forma pauperis. Petitioner is directed to show cause by written affirmation, |

Case 1:99-cv-04931-CPS-MDG    Document 12    Filed 09/29/99    Page 11 of 55 PageID #: 12

|  |  |  |
|---|---|---|
|  |  | within 60 days from the date of this order, why the instant petition should not be dismissed as time-barred. No answer shall be required at this time and all further proceedings are stayed for 60 days for petitioner to comply with this order. C/M. Signed by Judge Raymond J. Dearie on 2/18/03. (Chee, Alvin) (Entered: 02/21/2003) |
| 05/13/2003 | 4 | ORDER: By order dated 2/18/03, petitioner was directed to show cause by affirmation why his petition should not be dismissed as time-barred. Petitioner's affirmation, received on 4/15/03, fails to demonstrate that the instant petition is timely. Therefore the petition is dismissed as time-barred. A certificate of appealability will not issue because petitioner has not made a substantial showing of the denial of a constitutional right. The Court certifies that any appeal would not be taken in good faith and therefore informa pauperis status is denied for the purpose of an appeal. C/M . Signed by Judge Raymond J. Dearie on 5/12/03. (Chee, Alvin) (Entered: 05/13/2003) |
| 05/13/2003 | 5 | JUDGMENT: Ordered that the petition is hereby dismissed as time-barred. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. The Court certifies that any appeal from this order would not be taken in good faith. C/M . Signed by Judge Raymond J. Dearie on 5/12/03. (Chee, Alvin) (Entered: 05/13/2003) |
| 06/06/2003 | 6 | NOTICE OF APPEAL by Garland Hughes, pro se, from the 5 Judgment entered 5/13/03. No Fee Paid. The Court certifies pursuant to 28:1915(a)(3) that any appeal from the Court's order would not be taken in good faith. A certificate of appealability was denied in document # 4. Judge notified. (Jackson, Joshua) (Entered: 06/19/2003) |
| 06/19/2003 |  | Notice of Appeal and Certified Docket Sheet transmitted to U.S. Court of Appeals, re: 6 Notice of Appeal. (Jackson, Joshua) (Entered: 06/19/2003) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

KEVIN ZIMMERMAN

      Vs.

GARY H. FILIOR

------------------------------X

DATE:06/17/03

JUDGE BLOCK
USDC  NO.  CV-02-4219

RELATED CASE__
  USCA

### INDEX TO RECORD ON APPEAL

INDEX PREPARED BY:  MARY COGNATO GONZALEZ

FIRM ADDRESS:        EDNY

PHONE #:  (718) 260-2308

| DOCUMENT NUMBER | LIST OF DOCUMENTS |
|---|---|
| | SENT TO THE USCA |
| **** | MISSING |
| | |
| — | |
| — | |
| | |
| | |
| | |
| | |
| | |

CLERK CERTIFICATE.................................................

**HABEAS, IFP, APPEAL**

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:02-cv-04219-FB

Zimmerman v. Filion
Assigned to: Judge Frederic Block
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 07/22/02
Jury Demand: Both
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: Federal Question

**Petitioner**
------------------------

**Kevin Zimmerman**

represented by **Kevin Zimmerman**
95A0463
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582-0010
PRO SE

V.

**Respondent**
------------------------

**Gary H. Filion,** *Superintendent*

represented by **Amy Merrill Appelbaum**
Office of the D.A., Kings County
Renaissance Plaza at 350 Jay St.
Brooklyn, NY 11201-2908
718-250-2000
Email: appelbaa@brooklynda.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 07/22/2002 | 1 | PETITION for Writ of Habeas Corpus Filing fee $5.00. Receipt number: 264682.. Filed by pro se Kevin Zimmerman. (Attachments: # 1 Civil Cover Sheet)(Villanueva, William) (Entered: 07/25/2002) |

| 08/14/2002 | 2 | Order stating that the petitioner is directed to submit an affirmation to show cause why the petition should not be dismissed as time barred. Signed by Judge Frederic Block, dated 8/12/02. (Dobkin, David) (Entered: 08/14/2002) |
|---|---|---|
| 09/26/2002 | 3 | Petitioner's Affirmation. (Galeano, Sonia). (Entered: 09/26/2002) |
| 09/30/2002 | 4 | Order, that petitioner is granted leave to proceed in forma pauperis. That the Clerk of Court shall serve, by certified mail, a copy of this Order, the underlying Petition, the Court's Order dtd 8/12/2002, and Petitioner's Affirmation, upon the Atty General of the State of NY and the District Atty of Kings County. (Signed by USMJ Bloom on 9/25/2002). C/M (Latka-Mucha, Wieslawa) (Entered: 09/30/2002) |
| 09/30/2002 | | Certified Mail Service upon NYS Atty General and Dist Atty of Kings County re: the Order dtd 9/25/2002, the Court's Order dtd 8/12/2002, the underlying Petition, and Petitioner's Affirmation. (1) copy of Order dtd 9/25/2002 sent to Petitioner. Tracking#(s) 7002 0510 0001 5306 2589 and 7002 0510 0001 5306 2596. (Latka-Mucha, Wieslawa) (Entered: 09/30/2002) |
| 10/04/2002 | 5 | Acknowledgment of Service Executed as to Appeals Bureau of Kings County District Atty's Office, re: the Order dtd 9/25/2002, the Court's Order dtd 8/12/2002, the underlying Petition, and Petitioner's Affirmation. (Latka-Mucha, Wieslawa) (Entered: 10/04/2002) |
| 10/07/2002 | 6 | Acknowledgment of Service Executed as to Eliot Spitzer, NYS Atty General recv'd on 10/03/2002, re: the Order dtd 9/25/2002, the Court's Order dtd 8/12/2002, the underlying Petition, and Petitioner's Affirmation. (Latka-Mucha, Wieslawa) (Entered: 10/07/2002) |
| 10/09/2002 | 7 | Letter dated 10/7/02 from Beth Thomas to Judge Bloom, advising tha the District Attorney of Kings County will represent respondent in the above case. (Dobkin, David) (Entered: 10/09/2002) |
| 10/09/2002 | 8 | Affidavit in opposition *to petition for a writ of habeas* filed by Amy Merrill Appelbaum on behalf of Gary H. Filion. (Related document(s)1) (Dobkin, David) (Entered: 10/10/2002) |
| 11/15/2002 | 9 | ORDER, petitioner's request for an extension of time to file a reply is hereby GRANTED. Petitioner shall file his reply by 12.20.02. (Signed by USMJ Bloom, undtd) c/m (Galeano, Sonia) (Entered: 11/15/2002) |
| 12/26/2002 | 10 | PETITIONER'S REPLY TO THE OPPOSITION OF THE RESPONDENT (re: doc.# [8]); filed by Pro Se, Kevin Zimmerman. W/Exhibit-A attached. (Latka-Mucha, Wieslawa) (Entered: 12/26/2002) |
| 02/13/2003 | | Judge Lois Bloom no longer assigned to case. (Villanueva, William) |

| | | |
|---|---|---|
| | | (Entered: 04/30/2003) |
| 03/04/2003 | 11 | MEMORANDUM AND ORDER: Zimmerman's petition was timely filed. The respondent shall have until 4/30/03 to file any opposition to Zimmerman's petition on the merits, and shall prepare the state court record to be produced and filed upon the Court's request. Signed by Judge Frederic Block on 3/3/03. C/M by chambers.(Fahey, Lauren) (Entered: 03/04/2003) |
| 04/14/2003 | 12 | SUPPLEMENTAL AFFIDAVIT of Amy Appelbaum in Opposition re 1 Petition for Writ of Habeas Corpus by Gary H. Filion. (Dobkin, David) (Entered: 04/16/2003) |
| 04/25/2003 | 13 | STATE COURT RECORD Received from the Supreme Court of the State of New York, Kings County. Fourteen Volumes; (1)Letter dated 4/24/03; Respondent's Exhibits A-G consisting of:(2)Brief for Defendant-Appellant (Ex.A); (3)Respondent's Brief (Ex.B); 4)Notice of Motion (Ex.C,Pt.1); (5)Letter dated 7/10/99 (Ex.C,Pt.2);(6)Affirmation in Opposition to Motion for a Writ of Error Coram Nobis (Ex.D); (7)Appellant's Reply to the Opposition of Respondent (Ex.E); (8)Appellate Opinion (Ex.F); (9)Transcript dated 11/28&30/1994 (Ex.G,Pt.1); (10)Transcript dated 12/6-8/94 (Ex.G,Pt.2); (11)Transcript dated 12/12/94, pgs.#1-23 (Ex.G,Pt.3); (12)Transcript dated 12/12/24, pgs.#24-339 (Ex.G,Pt.4); (13)Transcript dated 12/14,15/94 (Ex.G,Pt.5); (14)Transcript dated 1/4/95 (Ex.G,Pt.6). (Williams-Jackson, Lakeshia) (Entered: 04/28/2003) |
| 05/20/2003 | 14 | ORDER denying application for an extension of time to file papers in support of writ of habeas corpus. Signed by Judge Frederic Block on 5/20/2003. (endorsed on letter dated 5/14/03 from Kevin Zimmerman to Judge Block). (Dobkin, David) (Entered: 05/20/2003) |
| 05/29/2003 | 15 | MEMORANDUM AND ORDER denyng petition for a writ of habeas corpus. A certificate of appealability will not issue because petitioner has failed to make a substantial showing of the denial of a federal right. Signed by Judge Frederic Block on 5/24/2003. (Dobkin, David) (Entered: 05/29/2003) |
| 06/02/2003 | 16 | JUDGMENT ordering and adjudging that petition take nothing of the respondent; that the petition for a writ of habeas corpus is denied; and that a Certificate of Appealability shall not issue. Signed by Clerk of Court on 5/29/2003. (Dobkin, David) (Entered: 06/02/2003) |
| 06/09/2003 | 17 | NOTICE OF APPEAL as to 15 Memorandum & Opinion,, 16 Judgment by Kevin Zimmerman Petitioner/Appellant. NO FEE PAID IFP was granted. NOA served by the Clerk. Judge notified. C of A notified. CERTIFICATE of Appealability was DENIED. Attached to this NOA is the Petitioner's Application for C of A. It is being forwarded to the USCA for it was Denied at the EDNY. (Gonzalez, Mary) (Entered: |

Case 1:99-cv-04951-CPS-MDG   Document 12   Filed 09/29/99   Page 16 of 55 PageID #: 17

| | | 06/17/2003) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------X

**Garland Hughes,**
Plaintiff/Appellant

v.

**Victor Herbert, Supt.,**
Defendant/Appellee

----------------------------X

Date: **06/19/03**

USDC No: **03-CV-328**

USCA No:

**Judge Dearie**

## INDEX TO THE RECORD ON APPEAL

INDEX PREPARED BY:  Joshua Jackson, Deputy Clerk

FIRM ADDRESS:   USDC, EDNY, Brooklyn, NY

PHONE #:     (718) 260-2612

Documents Enclosed:  Document numbers are circled.

Missing Documents:  An asterisk (*) is placed beside the document numbers.

7

Case 1:99-cv-04951-CPS-MDG   Document 12   Filed 09/29/99   Page 18 of 55 PageID #: 19

# HABEAS, IFP, APPEAL

## U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:03-cv-00328-RJD

Hughes v. Herbert
Assigned to: Judge Raymond J. Dearie
Referred to: Magistrate-Judge Lois Bloom
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 01/15/03
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: Federal Question

**Plaintiff**
-----------------------

**Garland Hughes**

represented by **Garland Hughes**
85A1566
Attica Correctional Facility
PO Box 149
Attica, NY 14011
PRO SE

V.

**Defendant**
-----------------------

**Victor Herbert,** *Superintendent*

| Filing Date | # | Docket Text |
|---|---|---|
| 01/15/2003 | 1 | PETITION for Writ of Habeas Corpus , filed by Garland Hughes. (Attachments: # 1 Civil Cover Sheet)(Joe, Victor) (Entered: 01/22/2003) |
| 02/05/2003 | 2 | CERTIFICATE of Counsel Re: Recoverable Damages by Garland Hughes (Credle, Rita) (Entered: 02/05/2003) |
| 02/21/2003 | 3 | ORDER: The Court grants petitioner's request to proceed in forma pauperis. Petitioner is directed to show cause by written affirmation, |

within 60 days from the date of this order, why the instant petition should not be dismissed as time-barred. No answer shall be required at this time and all further proceedings are stayed for 60 days for petitioner to comply with this order. C/M. Signed by Judge Raymond J. Dearie on 2/18/03. (Chee, Alvin) (Entered: 02/21/2003)

| 05/13/2003 | ○4 | ORDER: By order dated 2/18/03, petitioner was directed to show cause by affirmation why his petition should not be dismissed as time-barred. Petitioner's affirmation, received on 4/15/03, fails to demonstrate that the instant petition is timely. Therefore the petition is dismissed as time-barred. A certificate of appealability will not issue because petitioner has not made a substantial showing of the denial of a constitutional right. The Court certifies that any appeal would not be taken in good faith and therefore informa pauperis status is denied for the purpose of an appeal. C/M . Signed by Judge Raymond J. Dearie on 5/12/03. (Chee, Alvin) (Entered: 05/13/2003) |
| 05/13/2003 | ○5 | JUDGMENT: Ordered that the petition is hereby dismissed as time-barred. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. The Court certifies that any appeal from this order would not be taken in good faith. C/M . Signed by Judge Raymond J. Dearie on 5/12/03. (Chee, Alvin) (Entered: 05/13/2003) |
| 06/06/2003 | ○6 | NOTICE OF APPEAL by Garland Hughes, pro se, from the 5 Judgment entered 5/13/03. No Fee Paid. The Court certifies pursuant to 28:1915(a)(3) that any appeal from the Court's order would not be taken in good faith. A certificate of appealability was denied in document # 4. Judge notified. (Jackson, Joshua) (Entered: 06/19/2003) |
| 06/19/2003 | ○ | Notice of Appeal and Certified Docket Sheet transmitted to U.S. Court of Appeals, re: 6 Notice of Appeal. (Jackson, Joshua) (Entered: 06/19/2003) |

I HEREBY ACKNOWLEDGE RECEIPT
OF THE CERTIFIED COPY OF DOCKET
ENTRIES, INDEX ~~AND~~
~~VOLUMES OF ORIGINAL RECORD.~~

DATE: 6/27/03 KS
Roseann B. MacKechnie
CLERK, U.S.C.A. 2nd Cir.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BKNY

-------------------------------x

USA

v.

Jui-Teng Lin

-------------------------------x

**Judge:** David Q. Trager

**USDC No:** 02CR 432

**USCA No:** 03-1302

**Date:** 6/17/03

## INDEX TO THE RECORD ON APPEAL

INDEX PREPARED BY: Legal Ease, Inc

FIRM ADDRESS: 139 Fulton Street
NY NY 10038

PHONE #: 212-393 9070

Documents Enclosed:     Document numbers are circled.

Missing Documents:      An asterisk (*) is placed beside the document numbers.

03-1302 FILED

**Plaintiff**
--------------------

**USA**                              represented by   **David B. Pitofsky**
                                                      United States Attorney's Office
                                                      Criminal Division
                                                      One Pierrepont Plaza
                                                      Brooklyn, NY 11201
                                                      (718) 254-6544
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 04/10/2002 | 1 | INDICTMENT as to Jui-Teng Lin (1) count(s) 1, 2, 3 (Piper, Francine) (Entered: 04/12/2002) |
| 04/10/2002 |  | Magistrate Pollak has been selected by random selection to handle any matters that may be referred in this case. (Piper, Francine) (Entered: 04/12/2002) |
| 04/10/2002 | 2 | CALENDAR ENTRY as to Jui-Teng Lin ; Case called on date of 4/10/02 for Grand Jury Presentment (Piper, Francine) (Entered: 04/12/2002) |
| 04/22/2002 | 3 | CALENDAR ENTRY as to Jui-Teng Lin. Case called before Magistrate Marilyn D. Go on date of 4/22/02 at 4:30. AUSA David Pitofsky, and Daniel Horwitz for the deft. Tape # 02/93(5317-End)02/94(0-210). Deft. was released. Defts. first appearance. Deft. arraigned on the indictment. Deft. informed of rights. Not Guilty: , Jui-Teng Lin (1) count(s) 1, 2, 3 . Status conference set for 5/7/02 at 10:00 before Judge Trager. Fax bond to Orlando (Middle Dist). (Greene, Donna) (Entered: 04/26/2002) |
| 04/22/2002 | 4 | NOTICE of Appearance for Jui-Teng Lin by Attorney Daniel J. Horowitz (Greene, Donna) (Entered: 04/26/2002) |
| 04/22/2002 | 5 | Arrest WARRANT Returned Executed as to Jui-Teng Lin on 4/22/02 (Greene, Donna) (Entered: 04/26/2002) |
| 04/22/2002 | 6 | ORDER Bond set to Secured Appearance Bond $1,000,000 for Jui-Teng Lin. The deft. must remain in and may not leave the following areas without court permission: NYC Florida. The deft. shall surrender any and all passports to the U.S. Pretrial Services Agency. Deft. must report to that agency in person 1 time per wk. ( Signed by Magistrate Marilyn D. Go , dated: 4/22/02). (Greene, Donna) (Entered: 04/26/2002) |

| 04/24/2002 | 7 | CALENDAR ENTRY as to Jui-Teng Lin. Case called before Magistrate Marilyn D. Go on date of 4/24/02. Tape # 02/96(2329-2468). Son signed bond. (Greene, Donna) (Entered: 04/26/2002) |
|---|---|---|
| 05/01/2002 | 8 | ORDER Bond reset to $1,000,000 for Jui-Teng Lin. The deft. must remain in and may not leave the following areas without court permission: NYC, Florida. The deft. shall surrender any and all passports to the U.S. Pretrial Services Agency and must report to the agency in person 1 time per week. Wife and one son to co-sign by 4/24/02. ( Signed by Magistrate Marilyn D. Go , dated: 4/22/02). (Greene, Donna) (Entered: 05/01/2002) |
| 05/07/2002 | 9 | LETTER dated 4/29/02 from Ira Lee Sorkin to Judge Trager, requesting a one-week adjournment of the 5/7/02 initial pretrial conference to 5/16/02. ** Noted on letter - S/C 5/16 at 3:00 new date ** (Greene, Donna) (Entered: 05/07/2002) |
| 05/16/2002 | 10 | CALENDAR ENTRY as to Jui-Teng Lin. Case called before Judge David G. Trager on date of 5/16/02 for Status Conference. AUSA David Pitofsky, and Daniel J. Horwitz for the deft. Court Reporter/ESR S. Drexler. Deft. appears with counsel. Status conf held. Jury selection set for 7/15/02 before Mag. Trial scheduled for 7/22/02 for 2 weeks. (Greene, Donna) (Entered: 05/29/2002) |
| 06/11/2002 | 11 | LETTER dated 6/11/02 from David Pitofsky to Judge Trager requesting a continuance of the trial. (fe) (Entered: 06/12/2002) |
| 07/02/2002 | 12 | LETTER dated 7/2/02 from David B. Pitofsky, AUSA to Daniel J. Horwitz, Esq., furnishing additional discovery. (Greene, Donna) (Entered: 07/09/2002) |
| 07/17/2002 | 13 | LETTER dated 7.15.2 from AUSA David B. Pitofsky to Daniel J. Horwitz providing summary information regarding Jui-Feng Lin and Kuo-Chang Wong, two additional witnesses they intend to depose in Taiwan during the week of 7.29.2. (Noh, Kenneth) (Entered: 07/18/2002) |
| 07/19/2002 | 14 | LETTER dated 7.17.2 from SAUSA Sean P. Casey Daniel J. Horwitz in response to his letter dated 7.2.2 and Mark Zancolli's letter dated 7.12.2. (Noh, Kenneth) (Entered: 07/19/2002) |
| 07/31/2002 | 15 | CALENDAR ENTRY as to Jui-Teng Lin ; Case called before Judge David G. Trager on date of 7/31/02 at 3:00 for Status Conference/Motion. AUSA David Pitofsky, and Daniel Horwitz for the deft. Court Reporter/ESR A. Sherman. Deft. appears with counsel. Status conf./hrg for deft. held. Jury selection set for 12/2/02. (Greene, Donna) (Entered: 08/09/2002) |

| | | |
|---|---|---|
| 09/04/2002 | 16 | LETTER dated 9/4/02 from David Pitofsky to Daniel Horwitz, advising counsel of the statements made by Hsueh-Yueh Change and Jui-Feng Ling from the govt interview on 8/14/02. (Piper, Francine) (Entered: 09/06/2002) |
| 10/01/2002 | 18 | CALENDAR ENTRY as to Jui-Teng Lin ; Case called before Judge David G. Trager on date of 10/1/02 for Status Conference/Motion. Trial scheduled for 12/2/02. AUSA David Pitofsky; Defense Counsel, Daniel Horwitz. Court Reporter/ESR O. Francis. (Piper, Francine) (Entered: 10/31/2002) |
| 10/28/2002 | 17 | LETTER dated 9/16/02 from David B. Pitofsky, AUSA to Judge Trager, requesting that the court deny the defts. request for a per-motion conference to address a motion to dismiss the indictment. (Greene, Donna) (Entered: 10/28/2002) |
| 11/06/2002 | 19 | LETTER dated 11/4/02 from David B. Pitofsky, AUSA to Daniel J. Horwitz, Esq., enclosing drafts of the six proposed stipulations they have drafted to this point. (Greene, Donna) (Entered: 11/07/2002) |
| 11/06/2002 | 20 | LETTER dated 11/5/02 from David B. Pitofsky, AUSA to Daniel J. Horwitz, Esq., providing disclosures in connection with the above-referenced case. (Greene, Donna) (Entered: 11/07/2002) |
| 11/12/2002 | 21 | LETTER dated 11/12/02 from David B. Pitofsky, AUSA to Daniel J. Horwitz, Esq., enclosing to revised stipulations and on entirely new stipulation. (Greene, Donna) (Entered: 11/14/2002) |
| 11/13/2002 | 22 | LETTER dated 11/12/02 from David B. Pitofsky, AUSA to Daniel J. Horwitz, Esq., enclosing documents which are being produced pursuant to 18 U.S.C. 3500 and Judge Trages scheduling order. (Greene, Donna) (Entered: 11/14/2002) |
| 11/14/2002 | 23 | LETTER dated 11/13/02 from Thomas Ellwood to Daniel J. Horwitz, Esq., enclosing additional piece of 3500 material. Specifically, Exhibit 3500-KJ-4, the Proffer Agreement of Wen-Cheng Jou, dated 3/26/02. (Greene, Donna) (Entered: 11/18/2002) |
| 11/14/2002 | 24 | LETTER dated 11/13/02 from David B. Pitofsky, AUSA to Daniel J. Horwitz, Esq., responding to letter dated 11/8/02. (Greene, Donna) (Entered: 11/18/2002) |
| 11/14/2002 | 25 | LETTER dated 11/13/02 from Thomas Ellwood, Paralegal Specialist to Daniel J. Horwitz, Esq., enclosing an additional piece of 3500 material (Greene, Donna) (Entered: 11/18/2002) |
| 11/20/2002 | 26 | LETTER dated 11/15/02 from David B. Pitofsky, AUSA to Daniel J. Horwitz, Esq., enclosing copies of the bulk of the governments exhibits. |

Case 1:99-cv-04951-CPS-MDG   Document 12   Filed 09/29/99   Page 24 of 55 PageID #: 25

| | | |
|---|---|---|
| | | (Greene, Donna) (Entered: 11/20/2002) |
| 11/26/2002 | 30 | LETTER dated 11/25/02 from David Pitofsky to Daniel Horwitz, enclosing copies of documents in connection with the govt's discovery and disclosure obligations. (Piper, Francine) (Entered: 12/09/2002) |
| 11/26/2002 | 31 | LETTER dated 11/26/02 from David Pitofsky to Judge Trager, submitting the motion in limine. (Piper, Francine) (Entered: 12/09/2002) |
| 11/27/2002 | 29 | LETTER dated 11/27/02 from Thomas Ellwood to Daniel Horwitz, enclosing (1) a revised copy of govt exhibit SRGL-10; (2) govt exhibit JTL-1; (3) govt exhibit STIP-5 (4) additional discovery document requested by you, bates-numbered SRGL 022439-022440. (Piper, Francine) (Entered: 12/09/2002) |
| 12/02/2002 | 28 | CALENDAR ENTRY as to Jui-Teng Lin. Case called before Magistrate Joan M. Azrack on date of 12/2/02 for Jury Selection. AUSA David Pitofski, and Dan Horowitz for the deft. Jury selected. Trial to begin 2:15 on 12/2/02. (Greene, Donna) (Entered: 12/06/2002) |
| 12/02/2002 | 32 | CALENDAR ENTRY as to Jui-Teng Lin. Case called before Judge David G. Trager on date of 12/2/02 for Jury Trial. AUSA David pitofsky, and Daniel Horwitz for hte deft. Court Reporter/ESR Silverman. Deft. appear with counsel. Jurors sworn and trial begins. Govt' opens. Deft. opens. Jury trial held. Jury trial cont'd to 12/3/02 at 10:00. (Greene, Donna) (Entered: 12/09/2002) |
| 12/03/2002 | 33 | CALENDAR ENTRY as to Jui-Teng Lin. Case called before Judge David G. Trager on date of 12/3/02 at 10:00 for Jury Trial. AUSA David Pitofsky and Daniel Horwitz for the deft. Court Reporter/ESR Guerino. Deft. appear with counsel. Jury trial resumes. Jury trial cont'd to 12/4/02 at 12 noon. (Greene, Donna) (Entered: 12/09/2002) |
| 12/03/2002 | 34 | CALENDAR ENTRY as to Jui-Teng Lin. Case called before Judge David G. Trager on date of 12/3/02 for Jury Trial. AUSA David Pitofsky and Daniel Horwitz for the deft. Court Reporter/ESR Guerino. Deft. appear with counsel. Jury trial resumes. Jury trial cont'd to 12/4/02 at 12 noon. (Greene, Donna) (Entered: 12/09/2002) |
| 12/04/2002 | 27 | The Government's Requests to Charge. (Greene, Donna) (Entered: 12/04/2002) |
| 12/04/2002 | 35 | CALENDAR ENTRY as to Jui-Teng Lin. Case called before Judge David G. Trager on date of 12/4/02 for Jury Trial. AUSA David Pitofsky, and Daniel Horwitz for the deft. Court Reporter/ESR A. Sherman. Deft. appear with counsel. Jury trial resumes. Jury trial cont'd to 12/5/02 at 10am. (Greene, Donna) (Entered: 12/09/2002) |

Case 1:99-cv-04951-CPS-MDG   Document 12   Filed 09/29/99   Page 25 of 55 PageID #: 26

| | | |
|---|---|---|
| 12/05/2002 | 36 | CALENDAR ENTRY as to Jui-Teng Lin. Case called before Judge David G. Trager on date of 12/5/02 for Jury Trial. AUSA David Pitofsky and Daniel Horwitz for the deft. Court Reporter/ESR Pereira. Deft. appear with counsel. Jury trial resumes. Jury trial cont'd to 12/9/02 at 11am. conference with attorneys re evidence scheduled for 12/9/02 at 10 am. (Greene, Donna) (Entered: 12/09/2002) |
| 12/09/2002 | 38 | CALENDAR ENTRY as to Jui-Teng Lin. Case called before Judge David G. Trager on date of 12/9/02 at 10:00 for Jury Trial. AUSA David Pitofsky and Daniel Horwitz for the deft. Court Reporter/ESR F. Guerino. Deft. appear with counsel. Jury trial resumes. Jury trial cont'd to 12/10/02 at 10:00. (Greene, Donna) (Entered: 12/16/2002) |
| 12/10/2002 | 37 | CALENDAR ENTRY as to Jui-Teng Lin. Case called before Judge David G. Trager on date of 12/10/02 at 10:00 for Jury Trial. AUSA David Pitofsky and Daniel Horwitz for the deft. Court Reporter/ESR F. Guerino. Deft. appear with counsel. Jury trial held. Jury trial resumes. Jury trial cont'd to 12/11 at 3:30 to do charge. (Greene, Donna) (Entered: 12/16/2002) |
| 12/11/2002 | 39 | Defendant Lin's Request to Charge. (Greene, Donna) (Entered: 12/16/2002) |
| 12/12/2002 | 42 | CALENDAR ENTRY as to Jui-Teng Lin. Case called before Judge David G. Trager on date of 12/12/02 at 10:00. AUSA David Pitofsky and Daniel Horwitz for the deft. Court Reporter/ESR S. Drexler. Govt rests. Deft. rests. Govt summation. Deft. summations. Govt rebuttal. Judge will charge jurors tomorrow 12/13/02. (Greene, Donna) (Entered: 12/19/2002) |
| 12/13/2002 | 49 | CALENDAR ENTRY as to Jui-Teng Lin. Case called before Judge David G. Trager on date of 12/13/02 at 10:00 for Jury Trial. AUSA David Pitofsky, and Daniel Horwitz for the deft. Court Reporter/ESR H. Driscoll. Deft. appear with counsel. Jury charged, alternate jurors excused, USM Sworn & Deliberations begin. Guilty: Jui-Teng Lin (1) count(s) 1, 2, 3 . Special verdict sheet - jurors found that properties alleged in counts two & three to be subject to forfeiture of the US. (Greene, Donna) (Entered: 01/09/2003) |
| 12/18/2002 | 40 | Jury Charge. (Greene, Donna) (Entered: 12/18/2002) |
| 12/18/2002 | 41 | Jury Charge (Greene, Donna) (Entered: 12/18/2002) |
| 12/23/2002 | 43 | LETTER dated 12/12/02 from David B. Pitofsky, AUSA to Judge Trager, requesting that the jury be instructed that the applicable standard of proof is "preponderance of the evidence," and that the court adminster the standard Sand instruction on the difference between the preponderance standard and the reasonable doublt standard. (Greene, Donna) (Entered: 12/23/2002) |

| | | |
|---|---|---|
| 12/24/2002 | 44 | TRANSCRIPT of Trial before Judge Trager filed in case as to Jui-Teng Lin for dates of 12/11/02; AUSA David Pitofsky; Defense Counsel, Daniel Horwitz and Mark Zancolli. (Piper, Francine) (Entered: 12/24/2002) |
| 12/24/2002 | 45 | LETTER dated 12/12/02 from David Pitofsky to Judge Trager, requesting that the jury be instructed that the applicable standard of proof is "preponderance of the evidence." and that the court administer the standard sand instruction on the difference between the preponderence standard and the reasonable doubt standard. (Piper, Francine) (Entered: 12/24/2002) |
| 12/24/2002 | 46 | Federal Jury Practice and Instructions; Pattern & Model Jury Instructions; Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit; Commitee on Model Criminal Jury Instructions within the Eight Circuit; 2000 Edition, Chapter 6. Final Instuctions: Elements of Offenses submitted by Jui-Teng Lin. (Piper, Francine) (Entered: 12/24/2002) |
| 12/24/2002 | 47 | Order of Sustenance for 12 jurors and 1 Marshal as to Jui-Teng Lin ( Signed by Judge David G. Trager 12/13/02 ) (Piper, Francine) (Entered: 12/24/2002) |
| 12/26/2002 | 48 | TRANSCRIPT of trial before Hon. David Trager and jury filed in case as to Jui-Teng Lin for dates of 12/5/02 ; Court Reporter: Diana Pereira. (Chee, Alvin) (Entered: 12/26/2002) |
| 01/17/2003 | 50 | TRANSCRIPT of Trial before Judge Trager filed in case as to Jui-Teng Lin for dates of 12/2/02 ; Court Reporter/ESR: Sheldon Silverman; AUSA David Pitofsky; Defense Counsel, Daniel Horwitz and Mark Zancolli. (Piper, Francine) (Entered: 01/17/2003) |
| 02/12/2003 | 51 | LETTER dated 2/12/03 from Arthur P. Hui, AUSA to Judge Trager, submitting the enclosed proposed preliminary order of forfeiture. (Greene, Donna) (Entered: 02/18/2003) |
| 02/18/2003 | 52 | PRELIMINARY ORDER OF FORFEITURE as to Jui-Teng Lin. ( Signed by Judge David G. Trager , on 2/12/03). (Greene, Donna) (Entered: 02/18/2003) |
| 02/24/2003 | 53 | ORDER TO SUBSTITUTE COUNSEL as to Jui-Teng Lin. Kenton V. Sands, Esq. be substituted as the attorney of record for Jui-Teng Lin, deft. in place and stead of Daniel Horwitz. ( Signed by Judge David G. Trager , on 2/6/03). (Greene, Donna) (Entered: 02/24/2003) |
| 02/24/2003 | 54 | ADMISSION TO PRACTICE PRO HAC VICE as to Jui-Teng Lin. The motion for admission to practice is granted. The admitted attorney, |

Case 1:99-cv-04951-CPS-MDG   Document 12   Filed 09/29/99   Page 27 of 55 PageID #: 28

| | | |
|---|---|---|
| | | Kenton V. Sands, is permitted to argue or try this particular case in whole or in part as counse or advocate. ( Signed by Judge David G. Trager , on 2/6/03). (Greene, Donna) (Entered: 02/24/2003) |
| 03/03/2003 | 55 | PRELIMINARY ORDER Directing Forfeiture of Property as to Jui-Teng Lin. As a result of the dft's conviction of Counts 2 and 3, a forfeiture money judgment in the principal amount of $1,476,000 is entered against dft Lin and in favor of the U.S. ( Signed by Judge David G. Trager , dated: 2/28/03) (6 certified copies sent to AUSA Arthur P. Hui) (Piper, Francine) (Entered: 03/03/2003) |
| 04/14/2003 | 56 | MOTION by Jui-Teng Lin for release pending self-surrender for service of sentence . [56-1] motion (Piper, Francine) (Entered: 04/17/2003) |
| 04/14/2003 | 57 | MOTION by Jui-Teng Lin for downward departure . [57-1] motion (Piper, Francine) (Entered: 04/17/2003) |
| 04/18/2003 | 58 | LETTER dated 4/17/03 from David B. Pitofsky, AUSA to Judge Trager, requesting that the court deny the defts. motion for a downward departure and sentence the deft. at the high end of the applicable Sentencing Guidelines range. (Greene, Donna) (Entered: 04/25/2003) |
| 04/22/2003 | 62 | Minute Entry for proceedings held before David G. Trager :Sentencing held on 4/22/2003 for Jui-Teng Lin (1), Count(s) 1, 2, 3, Counts 1,2,3 to run concurrent for a total of 70 months. The FCI in Coleman, Florida. The deft. shall surrender for service of sentence at the institution designated by the Bureau of Prisons: befor 2pm on 6/12/03. 3 years supervised release on counts 1,2,3 to run concurrent.. (Greene, Donna) Additional attachment(s) added on 5/15/2003 (Greene, Donna). (Entered: 05/12/2003) |
| 05/02/2003 | 60 | NOTICE of Attorneys Change of Address. Attorneys new address is 390 North Orange Avenue, Suite 1800, Orlando, Fl. 32801. Counsel for deft Jui-Teng Lin (Greene, Donna) (Entered: 05/13/2003) |
| 05/02/2003 | 61 | NOTICE OF APPEAL by Jui-Teng Lin re 59 Judgment, Filing fee $ 105, receipt number 276888. The Defendant appeals the judgment that was entered on 5/9/03. Copies of NOA distributed. Judge notified. USCA notified. PLEASE NOTE: THIS NOA IS NOT FILING ON THE PROPER FORM COUNSEL FOR DEFT ADVISED. (Gonzalez, Mary) (Entered: 05/14/2003) |
| 05/09/2003 | 59 | JUDGMENT as to Jui-Teng Lin (1), Count(s) 1, 2, 3, Counts 1,2,3 to run concurrent for a total of 70 months. The FCI in Coleman, Florida. The deft. shall surrender for service of sentence at the institution designated by the Bureau of Prisons: befor 2pm on 6/12/03. 3 years supervised release on counts 1,2,3 to run concurrent. Signed by Judge David G. Trager on 5/9/03. (Greene, Donna) c/m - Copies forwarded to Minnie (Entered: 05/12/2003) |

Case 1:99-cv-04951-CPS-MDG   Document 12   Filed 09/29/99   Page 28 of 55 PageID #: 29

| 05/21/2003 | 63 | AMENDED NOTICE OF APPEAL by Jui-Teng Lin. NO FEE PAID for this is an AMENDED NOA filed by counsel as directed by the Criminal Appeals for the original NOA was not filed on the Proper form and was Unsigned. Judge notified. USCA notified. (Gonzalez, Mary) (Entered: 05/21/2003) |
| --- | --- | --- |
| 05/23/2003 | 64 | TRANSCRIPT of Trial as to Jui-Teng Lin held on 12/12/02 before Judge Judge Trager. AUSA David Pitofsky; Defense Counsel, Daniel Horwitz and Mark Zancolli. Court Reporter: Stephanie Drexler. (Piper, Francine) (Entered: 05/28/2003) |
| 05/23/2003 | 65 | TRANSCRIPT of Trial as to Jui-Teng Lin held on 12/13/02 before Judge Trager. AUSA David Pitofsky; Defense Counsel, Daniel Horwitz and Mark Zancoli. Court Reporter: Holly Driscoll. (Piper, Francine) (Entered: 05/28/2003) |
| 05/30/2003 | 66 | Declaration of United States Postal Inspector William Hessle in support of Amended Preliminary Order of Forfeiture. (Greene, Donna) (Entered: 06/05/2003) |
| 06/05/2003 | 67 | AMENDED PRELIMINARY ORDER OF FORFEITURE. The United States shall apply the Substitute Assets and all proceeds traceable thereto against the Forfeiture Money Judgment in the principal amount of $1,476,000.00 entered against the deft. Lin in the Preliminary Order of Forfeiture . Signed by Judge David G. Trager on 6/3/03. (Greene, Donna) - (6 certified copies forwarded to AUSA Arthur P. Hui) (Entered: 06/05/2003) |
| 06/10/2003 | 68 | USCA Scheduling Order as to Jui-Teng Lin re:61 63 Appeal Record due by 5/2/2003. Defendant Brief due by 6/23/2003. Government Brief due by 8/25/2003. Government Reply Brief due by 8/6/2003. Argument of the appeal may be heard on earlier than the week of 10/6/03. USCA#03-1302.(Drayton, Lorraine) (Entered: 06/10/2003) |
| 06/11/2003 | 69 | Sealed Letter 5/30/03. (Greene, Donna) (Entered: 06/11/2003) |
| 06/16/2003 | 70 | ORDER endorsed on letter dated 6/9/03 from Kenton V. Sands, Esq. to Judge Trager as to Jui-Teng Lin. Application for a continuance of Dr. Lin's surrender dated from 6/12/03 to 7/14/03 is granted . Signed by Judge David G. Trager on 6/10/03. (Greene, Donna) (Entered: 06/16/2003) |

FILED
IN CLERK'S OFFICE
U. S. DISTRICT COURT E.D. N.Y.

★ SEP 29 1999 ★

P.M. _____
TIME A.M. _____ X

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PEOPLE OF THE STATE OF NEW YORK, by
ELIOT SPITZER, ATTORNEY GENERAL OF THE
STATE OF NEW YORK,

                              Plaintiffs,                    Index No.   99-Civ-4951 (CPS)

                    -against-                                STIPULATED ORDER ON
                                                             <u>CONSENT</u>

DELTA FUNDING CORPORATION and DELTA
FINANCIAL CORPORATION,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

            This Stipulated Order on Consent (the "Order") is entered into by and between

plaintiffs THE PEOPLE OF THE STATE OF NEW YORK, by ELIOT SPITZER, ATTORNEY

GENERAL OF THE STATE OF NEW YORK ("the OAG"), and defendants DELTA FUNDING

CORPORATION and DELTA FINANCIAL CORPORATION (collectively, "Delta").

            WHEREAS, the OAG commenced, through the filing of a complaint, the above-

captioned lawsuit in the United States District Court for the Eastern District of New York,

seeking injunctive and monetary relief for Delta's alleged violations of the Real Estate

Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA"), the Home Ownership and

Equity Protection Act, 15 U.S.C. §§ 1635 & 1639, *et seq.* ("HOEPA"), the Truth in Lending Act,

15 U.S.C. §§ 1601, *et seq.* ("TILA"), the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et*

*seq.* ("ECOA"), New York State Human Rights Law (Executive Law § 296-a) and Executive

Law §63(12); and

            WHEREAS, Delta has denied any wrongdoing or liability in this action; and



DC-334072.04

WHEREAS, the OAG and Delta desire to avoid incurring any further time, costs and expenses and the uncertainty of litigation and seek to fully and finally resolve all matters embraced in this action as between the OAG and Delta without resort to further litigation; and

WHEREAS, in consideration, *inter alia*, for entering into this Order, Delta has established a "Remediation Fund" and an "Ameliorioration Fund," administered in accordance with specific terms set forth in a separate "Remediation Agreement" entered into between Delta and the New York State Banking Department ("the Department") and dated as of September 17, 1999; and

WHEREAS, in consideration of the covenants and undertakings set forth herein and intending to be legally bound thereby, the OAG and Delta, and each of them, agree to the terms of this Order;

NOW THEREFORE, it is hereby Ordered, Adjudged and Decreed during the term of this Order as follows:

## Definitions

I.      As used throughout this Order, the following terms shall have the following meanings:

A.      The term "Court" shall mean the United States District Court for the Eastern District of New York that shall have jurisdiction over this Order and the parties to this Order pursuant to Paragraph VIII.K, below.

B.      The term "date of this Order" shall mean the date this Order is fully executed by the parties.

C.      The use of the singular form of any word includes the plural and vice versa.

2

D.      The "term of this Order" shall mean a period of time running three years from the date of this Order.

## **Prospective Relief**

During the term of this Order, Delta shall be and hereby is enjoined as follows:

II.      Delta, its directors, officers and employees, and any successor in interest shall refrain from engaging in any act or practice that discriminates on the basis of the racial or ethnic composition of the area in which the borrower resides as prohibited by Executive Law § 296-a, the Fair Housing Act, 12 U.S.C. § 3601, *et seq.* ("FHA"), and ECOA.

III.     Delta shall not pay from the proceeds of a mortgage loan any borrower-paid mortgage broker fee in an amount not reasonably related to the value of goods and facilities provided and services performed. Nothing in this Order shall be deemed to be inconsistent with this provision.

IV.     Delta shall not close and fund mortgage loans in which the broker fee is in excess of an amount reasonably related to the value of goods and facilities provided and services performed.

V.     Delta shall not underwrite a HOEPA Loan (defined below) without regard to the ability of the borrower to repay such loan. In particular, Delta shall comply with the compliance undertakings set forth in Paragraph VI, hereof.

VI.     Delta shall implement the undertakings described in this Paragraph VI within 45 days following the date of this Order.

A.      Definitions: As used in this Paragraph VI, the following terms shall have the following meanings:

1.      The term "loan" shall mean a transaction secured by a 1-4 family, owner-occupied property that meets the definition of: (i) "credit" as that term is used and defined by 15 U.S.C. § 169la and regulations promulgated thereunder; (ii) "federally related mortgage loan" as that term is used and defined by 12 U.S.C. § 2602 and regulations promulgated thereunder; and/or (iii) extension or provision of "credit' as that term is used and defined by New York Executive Law §296-a.

2.      The term "HOEPA Loan" shall mean any loan which meets the definition in 15 U.S.C. § 1602(aa) and regulations promulgated thereunder.

3.      The terms "close" or "closing" or "closed" when used in relation to a loan shall mean the date on which the loan transaction is "consummated" as defined in 12 C.F.R. § 226.2(a)(13).

4.      The term "mortgage broker" shall mean a person defined as such in 24 C.F.R. § 3500.2.

5.      The term "par" when used in relation to the interest rate on a loan shall mean the interest rate at which Delta will grant a loan to a given borrower without charging discount points or paying a "yield spread premium."

6.      The term "yield spread premium" shall mean a fee paid by Delta to a mortgage broker, computed by reference to the interest rate, incident to a loan in which the interest rate is above par.

[7-10:  Reserved]

B.      Compliance Measures

During the term of this Order, solely with respect to loans originated during the term of this Order (except with respect to Subparagraph B.12, which shall apply to all HOEPA Loans), Delta will conduct its lending operations as follows:

Practices Related to Post-Default Interest:

11.      Delta shall not extend or otherwise fund any HOEPA Loan which provides for an "increase in the interest rate after default" as set forth in 12 C.F.R. § 226.32(d)(4) ("Post-Default Interest").

4

12.     Delta shall not collect Post-Default Interest on any HOEPA Loan.

Practices Related To HOEPA:

13.     Delta shall not engage in a pattern or practice of extending or otherwise funding HOEPA Loans based on the borrowers' collateral without regard to the borrowers' repayment ability, including the borrowers' current and expected income, current obligations, and employment.

14.     Delta shall not extend or otherwise fund any HOEPA Loan that contains any one of the following characteristics (hereinafter, "Repayment Warning Signs"), unless there exists a HOEPA Justification (defined below) or a Special HOEPA Justification (defined below):

(i)     The HOEPA Loan repays a previous loan (whether or not originated by Delta); the borrower's total monthly obligations increase by more than five (5) percent; and, on the date the new HOEPA loan closed, the borrower was 60 days or more delinquent in payments of principal or interest on the previous loan. (For the purposes of this Paragraph, "60 days or more delinquent" shall mean an instance in which a borrower is a total of 60 calendar days or more late in making any payment of principal or interest required to date by that borrower's loan. For the purposes of this definition, each payment made by the borrower is assumed to be in satisfaction of the oldest outstanding payment. Thus, for example, where a borrower is required to make a $1,000 payment on the first day of each month, and makes a $1,000 payment on the first day of the first, third and fifth months, on the first day of the sixth month, the borrower, having missed two payments, will be 60 days or more delinquent.)

(ii)     After subtracting the borrower's monthly payments on the HOEPA Loan from the borrower's total monthly income, the borrower is left monthly residual

5

income that is less than 105% of the U.S. Department of Veterans Affairs' residual income limits for the applicable region.

(iii)    The borrower's debt to income ratio exceeds 50%.

15.    A HOEPA Loan which contains one or more of the above Repayment Warning Signs will not violate Paragraph VI.B.14 if Delta documents in the loan file the existence of one or more of the justifications set forth in Subparagraph F, below (hereinafter, "HOEPA Justifications"). A HOEPA Loan which contains one or more of the above Repayment Warning Signs and does not contain a HOEPA Justification nonetheless will not violate Paragraph VI.B.14 if the Department determines that the loan is in compliance with applicable law, as set forth in the Remediation Agreement entered into by Delta and the Department (a "Special HOEPA Justification"). The Department will determine whether a loan is in compliance with applicable law within two days of receipt of Delta's request for such a determination.  If during the term of this Order the OAG concludes, after appropriate and timely consultation with the Department, that Delta is obtaining Special HOEPA Justifications that constitute a pattern or practice of violations of HOEPA, the OAG may seek any and all appropriate relief from the Court.

16.    Whenever Delta makes any HOEPA loan that does <u>not</u> contain one or more of the Repayment Warning Signs, Delta shall maintain either electronically or in the loan file information regarding: (i) the borrower's monthly debt payments under the prior loan; (ii) the borrower's past payment history, to the extent available; (iii) the borrower's monthly income; and (iv) the borrower's other outstanding monthly debts or obligations, if any.

17.    Whenever Delta makes any loan which contains a Repayment Warning Sign, Delta shall state in the loan file the Repayment Warning Sign, and the HOEPA

Justification or Special HOEPA Justification that exists, with documentation sufficient to demonstrate the existence of the HOEPA Justification or Special HOEPA Justification, as applicable. Such documentation shall include, with respect to HOEPA Justifications, documentation set forth in Subparagraph F or such other documentation as may be necessary to establish the existence of the HOEPA justification.

18.     [Reserved]

Practices Related To ECOA:

19.     Delta shall not extend or otherwise fund loans that will have a negative financial impact upon the borrower which violates ECOA or Section 296-a of the New York Executive Law.

20.     Delta shall not extend or otherwise fund any loan that contains any of the following characteristics (hereinafter, "ECOA Characteristic"), unless there exists an ECOA Justification (defined below) or a Special ECOA Justification (defined below):

(i)     After subtracting the borrower's monthly payments on the loan in question from the borrower's total monthly income, the borrower is left with monthly residual income that is less than 105% of the U.S. Department of Veterans Affairs' residual income limits for the applicable region.

(ii)     The loan in question ("new loan") repays a previous loan (whether or not originated by Delta); the borrower's monthly payments necessary to service the new loan (including both repayment of principal and payment of interest) exceed the borrower's "previous monthly payments;" and, the increase in monthly payments exceeds 2.5 percent of the "new funds" which the borrower obtained from the new loan. For the purposes of this Order, the term "previous monthly payments" shall include the monthly payment (as revealed on the

borrower's credit report or, in the absence of such information, the minimum monthly payment imputed based on customary underwriting standards) on all loans and other debts retired by the new loan. The term "new funds" shall mean the total principal amount of the new loan, less (1) the outstanding principal balance of any mortgage debt, installment debt, or credit card debt that had recurring monthly payments and was retired by the new loan, (2) any borrower-paid closing costs disclosed on the HUD-1 Settlement Statement, whether paid directly by the borrower or indirectly out of the principal of the new loan, including but not limited to borrower-paid broker fees, borrower-paid third-party charges such as title and appraisal fees and borrower-paid fees to Delta, (3) any late charges paid to Delta with respect to the mortgage loan retired by the new loan, (4) any prepayment penalties paid to Delta with respect to the mortgage loan retired by the new loan, and (5) any default interest (*i.e.*, interest in excess of the note rate) paid to Delta with respect to the mortgage loan retired by the new loan.

(iii)    The new loan repays a previous loan which was also originated by Delta; the previous loan closed within 12 months of closing the new loan; incident to closing the new loan, Delta charges the borrower a prepayment penalty as defined in 12 C.F.R. § 226.18(k)(1); and (a) the interest rate on the new loan is not at least one full percentage point lower than the interest rate on the previous loan or (b) the "new funds" (as defined in Subparagraph B.20(ii) above) provided by the new loan are less than 20% of the new loan.

21.    A loan which contains one or more of the above ECOA Characteristics will not violate Paragraph VI.B.20 if Delta documents in the loan file the existence of one or more of the justifications set forth in Subparagraph G, below (hereinafter "ECOA Justifications"). A loan which contains one or more of the above ECOA Characteristics and does not contain an ECOA Justification nonetheless will not violate Paragraph VI.B.20 if

8

the Department determines that the loan is in compliance with applicable law as set forth in the Remediation Agreement entered into by Delta with the Department (a "Special ECOA Justification"). The Department will determine whether a loan is in compliance within two days of receipt of Delta's request for such a determination. If during the term of this Order the OAG concludes, after appropriate and timely consultation with the Department, that Delta is obtaining Special ECOA Justifications that constitute a pattern or practice of violations of ECOA, the OAG may seek any and all appropriate relief from the Court.

22.     Whenever Delta makes any loan that does <u>not</u> contain one or more of the ECOA Characteristics, Delta shall maintain either electronically or in the loan file information regarding: (i) the borrower's previous monthly payments under the prior loan; (ii) the new funds obtained by the borrower; (iii) the borrower's monthly income, and (iv) the borrower's other outstanding monthly debts or obligations, if any.

23.     Whenever Delta makes any loan containing an ECOA Characteristic, Delta shall state in the loan file the ECOA Characteristic, and the ECOA Justification or Special ECOA Justification that exists, with documentation sufficient to demonstrate the existence of the ECOA Justification or Special ECOA Justification. Such documentation shall include, with respect to ECOA Justifications,

9

documentation set forth in Subparagraph G or such other documentation as may be necessary to establish the existence of the ECOA Justification.

24.    In the event that the OAG receives a complaint (a "Complaint") that any loan made by Delta after the date of this Order violated the provisions of Paragraphs VI.B.14-17 and/or VI.B.20-23, the OAG shall refer the Complaint to the Department, and the Department shall, pursuant to its general oversight authority, notify Delta of the Complaint and request Delta to respond thereto.  Delta shall respond to the Complaint within the time period required by the Department; a copy of Delta's response shall be provided to the OAG.  Delta shall provide a copy of the loan file for the loan that is the subject of any Complaint to the Department and/or the OAG within a reasonable period of time (but not longer than 30 days) following Delta's receipt of a written request from either of them.  If the OAG is not satisfied, in the exercise of its reasonable discretion, with the Department's final resolution of any Complaint, the OAG may seek any and all appropriate relief from the Court.  The OAG shall not, directly or indirectly, solicit any third party to make a Complaint regarding any loan made by Delta after the date of this Order.  The foregoing sentence shall not be construed to in any way impede the ability of the OAG to engage in consumer education programs and/or to otherwise carry out its traditional functions.

<u>Practices Related to RESPA</u>:

25.    Delta will not:  (a) in violation of RESPA, give any yield spread premium to any mortgage broker pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a loan shall be referred to Delta; or (b) pay any yield spread premium on any HOEPA Loan.

26.     Delta will be deemed to be in compliance with Paragraph VI.B. 25(a) above with respect to a loan when, inter alia, either of the following two contentions (hereinafter the "RESPA Contentions") are true over any six month period in which such loan was closed: (i) in aggregate, total mortgage broker compensation on loans originated by Delta in which Delta paid yield spread premiums was not more than 5% higher than total mortgage broker compensation on similarly situated loans originated by Delta in which Delta did not pay yield spread premiums; or (ii) in aggregate, up-front broker fees charged to the borrower are 5% lower on loans originated by Delta in which Delta paid yield spread premiums than on similarly situated loans originated by Delta in which Delta did not pay yield spread premiums.

C.     Income Verification Procedures

27.     Delta will verify the stability and adequacy of borrowers' income in accordance with generally accepted industry standards, including the following income verification practices, where applicable:

a)     <u>Automated Verification Services</u>:  Subscribe to one or more of the various automated services that provide employment data on numerous companies in various regions throughout the country, such as "The Work # for Everyone" and/or "The VIE Mortgage Report".

b)     <u>Additional Verification of Tax Returns</u>:  Either IRS Form 4506 or one of two reporting services (National Tax Verification and Rapid Reporting) may be used by Delta to confirm the validity of tax returns.

c)     <u>Rental Confirmation</u>:  Delta shall use, when applicable, 75% of the lesser of the following two numbers to determine rental income for underwriting purposes:  (i) an amount equal to the rental income shown on the lease and/or rental affidavit, or

(ii) an amount equal to 10% above the market rent reflected on the appraisal. Delta may provide additional documentation such as rent receipts and tax returns, but not letters of explanation from the borrower, to document rental income. In addition to the foregoing, all leases submitted as evidence of rental income shall be examined against the borrower's signature on the closing documents to ensure they are genuine.

        d)    <u>Income From "Side Jobs"</u>: Borrowers whose income is derived from "all cash" employment, or where a portion of their income (such as tips) is paid in "cash only," can have their income qualified through the use of a "job letter." This letter is to be signed by the borrower's employer, and set forth the length of time employed, the nature of the work and the borrower's rate of pay. In addition, this letter must also be countersigned by the borrower at or before the loan closing, effectively attesting to, and noting the borrower's acknowledgment with, the letter and its contents. In cases where either (i) a borrower is 60 days or more delinquent on an existing mortgage loan as defined by Paragraph VI.B.14(i) on the date the new loan closes, or (ii) as a result of the new loan, the borrower's total monthly obligations will increase, Delta shall verify by a telephone call with the borrower's employer any income verified through the use of a "job letter" and used to qualify the borrower for the new loan, and shall include a record of such telephone verification in the loan file.

        D.    Miscellaneous

        28.    Notwithstanding anything to the contrary contained herein, Delta may revise the undertakings contained in Paragraph VI.C to conform to relevant changes in generally accepted underwriting standards with the written consent of the OAG (which consent shall not be unreasonably withheld). For purposes of this Paragraph, use of a procedure

authorized or approved by the Federal Housing Administration, the Department of Veterans Affairs, Fannie Mae or Freddie Mac shall be deemed generally accepted underwriting standards.

29.     The OAG and Delta shall meet periodically, and in no event less frequently than every six months, to determine whether additional HOEPA Justifications and/or ECOA Justifications should be added to this Order.

30.     Except as otherwise expressly stated herein, for purposes of this Order, Delta may rely on representations of fact made to it by borrowers, other than any such representation that is patently unreasonable.

E.      [reserved]

F.      HOEPA Justifications & Supporting Documentation

**(AA)   HOEPA Justification for monthly obligation increase on delinquent loans (Paragraph VI.B.14(i))**

1.      (a)     Factor: Borrower has suffered a temporary reduction of income of more than 10 percent due to unique circumstances within the preceding 24 months.

(b)     Documentation: Income and employment documentation together with letter of explanation from the borrower or other evidence demonstrating that the temporary reduction of income was due to unique circumstances that no longer exist and that the borrower's income has resumed to at least 80 % of its prior level.

2.      (a)     Factor: Borrower has suffered a temporary loss of employment or employment income of more than 10 percent due to unique circumstances within the preceding 24 months.

(b)     Documentation: Income and employment documentation together with letter of explanation from the borrower or other evidence demonstrating that the temporary loss was due to "unique circumstances" that no longer exist and that the borrower's prior income has resumed

13



to at least 80 % of its prior level.

3.   (a)   Factor: Borrower changes from self-employed to salaried employment where the new income is equal to or greater than the annual income when the borrower was self-employed, not to include those instances where salary is paid out of borrower's own company.

   (b)   Documentation: Income and employment documentation.

4.   (a)   Factor: Borrower had medical or health problems resulting in increased expenses of more than 10 percent within the preceding 24 months.

   (b)   Documentation: Income and employment documentation together with letter of explanation from borrower and other evidence demonstrating that the medical problem was of a temporary nature and no longer requires a commitment of the borrower's funds.

5.   (a)   Factor: Borrower has suffered a temporary financial emergency that consumed more than 10 percent of the borrower's income stream and was due to unique circumstances within the preceding 24 months.

   (b)   Documentation: Income and employment documentation together with letter of explanation from borrower and other evidence demonstrating that the temporary financial emergency was due to "unique circumstances" that no longer exist.

6.   (a)   Factor: Divorce judgment, separation agreement or similar division of financial responsibilities entered or agreed to within preceding 24 months.

   (b)   Documentation: Copies of judgment, decree or agreement, together with income and employment documentation demonstrating ability to repay.

7.   (a)   Factor: Deed transfer that adds new borrower, so long as (i) the new borrower is a relative or resides at the property secured by the mortgage, and (ii) after payment of the monthly mortgage payment, the new borrower's (or, in the case of co-borrowers that reside together as a

14

family, the combined borrowers') income meets residual income requirements set forth under this Order.

(b)    Documentation: Income and employment documentation of new borrower demonstrating sufficient residual income after payment of the monthly mortgage payment.

8.    (a)    Factor: Mortgage loan includes new cosigner or other obligor, so long as (i) the new borrower is a relative or resides at the property secured by the mortgage, and (ii) after payment of the monthly mortgage payment, the new borrower's (or, in the case of co-borrowers that reside together as a family, the combined borrowers') income meets residual income requirements set forth under this Order.

(b)    Documentation: Income and employment documentation of new borrower demonstrating sufficient residual income after payment of the monthly mortgage payment.

9.    (a)    Factor: Mortgage proceeds used to pay off balloon mortgage, so long as balloon mortgage is coming due within twelve months of the date of application for the mortgage loan.

(b)    Documentation: Income and employment documentation and evidence of prior loan.

### (BB)   HOEPA Justification for Residual income (Paragraph VI.B.14(ii))

1.    (a)    Factor: A reduction in monthly obligations (such reduction shall be at least 10 percent with respect to borrowers who, on the date the new loan is closed, are "60 days or more delinquent," as defined in ¶ VI.B.14(i) of this Order) where, except in the case of balloon mortgages, the remaining term of the old mortgage loan is at least three years.

(b)    Documentation: Income and employment documentation and evidence of the terms and monthly payments of the prior loan.

2.    (a)    Factor: Mortgage proceeds used to pay off balloon mortgage, so long as balloon mortgage is coming due within twelve months of the date of application for the mortgage loan.

      (b)    Documentation: Income and employment documentation and evidence of the terms and monthly payments of the prior loan.

3.    (a)    Factor: Total debt-to-income ratio of 39% or less and no "60-day delinquency" as defined in ¶VI.B.14(i) of this Order.

      (b)    Documentation: Income and debt documentation.

4.    (a)    Factor: Mortgage proceeds to be used to add, repair, or renovate an income-producing unit provided that the borrower's residual income is 90% of the amount required by this Order.

      (b)    Documentation: Income and employment documentation together with (i) contract with licensed contractor demonstrating that loan proceeds are sufficient to complete the job; (ii) documentation demonstrating anticipated market rent for the new unit; and (iii) evidence of at least two months of savings sufficient to allow the borrower to meet all monthly obligations.

5.    (a)    Factor: Documented financial emergency requiring significant commitment of funds.

      (b)    Documentation: Documentation verifying the financial emergency.

6.    (a)    Factor: Ability to manage credit obligations as evidenced by borrower having been no more than 30 days delinquent on a prior mortgage within the preceding 12 months with less than 20% increase in monthly obligations.

      (b)    Documentation: Credit report and/or verification of mortgage.

7.    (a)    Factor: Mortgage proceeds used for business or investment purposes provided that the borrower's residual income is 90% of the amount required by this Order.

(b)     Documentation: Income and employment documentation together with (i) purchase contract evidencing investment; and/or (ii) business plan.

8.      (a)     Factor:  Mortgage proceeds to be used for education of borrower or person associated with borrower provided that the borrower's residual income is 90% of the amount required by this Order.

(b)     Documentation: Income and employment documentation together with evidence of acceptance or enrollment at an educational institution.

### (CC)   HOEPA Justification for DTI greater than 50%  (Paragraph VI.B.14(iii))

1.      (a)     Factor: A reduction in monthly obligations (such reduction shall be at least 10 percent with respect to borrowers who, on the date the new loan is closed, are "60 days or more delinquent" as defined in ¶ VI.B.14(i) of this Order) where, except in the case of balloon mortgages, the remaining term of the old mortgage loan is at least three years.

(b)     Documentation: Income and employment documentation and evidence of the terms and monthly payments of the prior loan.

2.      (a)     Factor:  Mortgage proceeds used to pay off balloon mortgage, so long as balloon mortgage is coming due within twelve months of the date of application for the mortgage loan.

(b)     Documentation: Income and employment documentation and evidence of the terms and monthly payments of the prior loan.

3.      (a)     Factor:  Mortgage proceeds to be used for business or investment purposes provided that the borrower's DTI ratio does not exceed 55%.

(b)     Documentation: Income and employment documentation together with (i) purchase contract evidencing investment, and/or (ii) business plan.

4.    (a)    Factor:  Mortgage proceeds to be used for education of borrower or person associated with borrower provided that the borrower's DTI ratio does not exceed 55%.

(b)    Documentation: Income and employment documentation together with evidence of acceptance or enrollment at an educational institute.

### G.    ECOA Justifications & Supporting Documentation

### (AA)   ECOA Justification for residual income  (Paragraph VI.B.20(i))

1.    (a)    Factor: A reduction in monthly obligations (such reduction shall be at least 10 percent with respect to borrowers who, on the date the new loan is closed, are "60 days or more delinquent" as defined in ¶ VI.B.14(i) of this Order) where, except in the case of balloon mortgages, the remaining term of the old mortgage loan is at least three years.

(b)    Documentation: Income and employment documentation and evidence of the terms and monthly payments of the prior loan.

2.    (a)    Mortgage proceeds used to pay off balloon mortgage so long as balloon mortgage is coming due within twelve months of the date of application for the mortgage loan.

(b)    Documentation: Income and employment documentation and evidence of the terms and monthly payments of the prior loan.

3.    (a)    Factor: Total debt-to-income ratio of 39% or less and no "60-day delinquency" as defined in ¶VI.B.14(i) of this Order.

(b)    Documentation: Income and debt documentation.

4.    (a)    Factor: Mortgage proceeds to be used to add, repair, or renovate an income-producing unit, provided that the borrower's residual income is 90% of the amount required by this Order.

18

(b)      Documentation: Income and employment documentation together with (i) contract with licensed contractor demonstrating that loan proceeds are sufficient to complete the job; (ii) documentation demonstrating anticipated market rent for the new unit; and (iii) evidence of at least two months of savings sufficient to allow the borrower to meet all monthly obligations.

5.      (a)      Factor:  Documented financial emergency requiring significant commitment of funds.

(b)      Documentation:  Documentation verifying the financial emergency.

6.      (a)      Factor:  Ability to manage credit obligations as evidenced by borrower having been no more than 30 days delinquent on a prior mortgage within the preceding 12 months with less than 20% increase in monthly obligations.

(b)      Documentation:  Credit report and/or verification of mortgage.

7.      (a)      Factor:  Mortgage proceeds used for business or investment purposes provided that the borrower's residual income is 90% of the amount required by this Order.

(b)      Documentation: Income and employment documentation together with (i) purchase contract evidencing investment; and/or (ii) business plan.

8.      (a)      Factor:  Mortgage proceeds used for education of borrower or person associated with borrower provided that the borrower's residual income is 90% of the amount required by this Order.      (b)      Documentation: Income and employment documentation together with evidence of acceptance or enrollment at an educational institute.

**(BB)   ECOA Justification for monthly obligations increasing by more than 2.5% of new funds (Paragraph VI.B.20(ii)).**

1.      (a)      Factor: New mortgage shortens term of old mortgage by 25% or more.

(b)    Documentation: Copy of note and/or verification of mortgage.

2.    (a)    Factor: Mortgage proceeds used to pay off balloon mortgage, so long as either (i) balloon mortgage is coming due within twelve months of the date of application for the mortgage loan, or (ii) less than one third of the term of the balloon mortgage remains outstanding.

(b)    Documentation: Income and employment documentation and evidence of prior loan.

3.    (a)    Factor:  New loan is fixed rate and old loan is adjustable rate.

(b)    Documentation:  Copy of note and/or verification of mortgage.

4.    (a)    Factor:  Mortgage proceeds used to prevent foreclosure when the borrower is 90 or more days delinquent.

(b)    Documentation:  Credit report or verification of mortgage demonstrating that the borrower is 90 or more days delinquent.

5.    (a)    Factor:  Mortgage proceeds used to pay off back real estate taxes that constitute a lien on the borrower's property.

(b)    Documentation:  Title report, tax search and/or tax bills.

### (CC)   ECOA Justification for prepayment penalty (Paragraph VI.B.20(iii))

1.    (a)    Factor: New mortgage shortens term of old mortgage by 25% or more

(b)    Documentation: Copy of note and/or verification of mortgage.

## **Compliance**

VII.

      A.    <u>Access</u>.  Upon request(s) by the OAG, Delta shall promptly provide the OAG with such documents and/or other information (including copies of loan files) as are reasonably necessary for the OAG to determine, to a reasonable degree of statistical certainty, Delta's compliance with this Order.  Delta reserves the right to challenge, in a motion on notice before the Court, the OAG's access to such documents and information on the grounds that such documents and/or information are not reasonably necessary for the OAG to determine, to a reasonable degree of statistical certainty, Delta's compliance with this Order.

      B.    <u>Expert</u>.      If an expert is retained to analyze the information and documents obtained pursuant to Paragraph VII.A, above, Delta shall pay all reasonable costs and fees of such expert to the extent that the expert is engaged in determining, to a reasonable degree of statistical certainty, Delta's compliance with the undertakings set forth in Paragraphs III, IV, VI.B.11, VI.B.12, VI.B.14-VI.B.17, VI.B.20-VI.B.23, VI.B.26 and VI.B.27 of this Order.  Any report of such expert relating to the matters set forth in this paragraph shall automatically be admissible in evidence in any proceeding in this matter.  Reports covering Delta's compliance with all other aspects of the Order shall be admissible in evidence in any proceeding in this matter to the full extent permitted by the Federal Rules of Evidence.

      C.    <u>Dispute Resolution</u>.  If at any time, the OAG determines that Delta is engaged in a pattern and practice of violating the undertakings of this Order, or has not demonstrated the RESPA Contentions set forth in Paragraph VI.B.26 of this Order, the OAG shall provide written notice to Delta's undersigned counsel.  The notice shall include:  (i) the

determination of violations; and (ii) any fact finding that supports the determination of violations. Following such notice, the parties shall meet and confer in an effort to resolve any dispute.

### Jurisdiction and Other Provisions

VIII.

     A.     This Order shall remain in effect for a period of three years following the date of this Order, unless sooner stayed, modified, terminated, suspended or complied with in full, to the OAG's satisfaction, as signified in writing by the OAG.

     B.     This Order, when fully executed and performed by Delta to the reasonable satisfaction of the OAG, will resolve all the issues between Delta and its affiliates (including, without limitation, Delta Financial Corporation), and the OAG respecting this Action.

     C.     The entry into this Order shall not be deemed or construed to be an admission of, or evidence of, any violation of any statute, law or regulation or of any liability or wrongdoing or of the truth of any of the claims or allegations contained in the complaint and may not be used against Delta in any other action or proceeding. The OAG acknowledges and agrees that Delta's compliance with the terms and conditions of this Order constitute a "compelling business necessity" for purposes of any federal or state law prohibiting discrimination.

     D.     [reserved]

     E.     Notwithstanding any provision in this Order to the contrary, the OAG may, in its sole discretion, grant written extensions of time to Delta to comply with any provision of this Order.

     F.     This Order shall become effective upon the execution by all parties and entry by the court.

G.     The signatories of this Order are duly authorized by their respective parties to enter into this Order.

H.     This Order may be executed in multiple counterparts, each of which shall be deemed a duplicate original.

I.     This Order shall bind the parties and their respective successors.

J.     This Order may be amended or modified only pursuant to a writing executed by all parties hereto and approved by the Court if requested by either party.

K.     The Court shall retain jurisdiction over the parties and of this matter for three years from the date of this Order.  The Court shall retain the power to order all applicable equitable remedies to ensure compliance with this Order, including but not limited to contempt.

L.     The Court's jurisdiction in this action over the parties and this matter shall not be affected or diminished, in any way, by any agreement between a borrower and Delta requiring that disputes between the borrower and Delta be resolved though arbitration or some other alternative dispute resolution mechanism.

M.     This Order supersedes and renders null and void any and all prior undertakings or agreements, written or oral,  between the OAG and the Delta regarding the subject matter hereof.

N.     The OAG and Delta hereby waive, and shall not have, any right to appeal any of the terms of this Order or in any other way to challenge the validity of any of the terms of this Order in any forum.  Nothing herein shall preclude either party from contesting or appealing any other order relating to this Order and/or Action.

23

O.      All of the terms of this Order are contractual and not merely recitals, and none may be modified or changed except by a writing signed by the OAG and Delta or their respective authorized legal counsel.

P.      If any of the provisions, terms or clauses of this Order are declared illegal, unenforceable, or ineffective in a legal forum, those provisions, terms and clauses shall be deemed severable, such that all other provisions, terms and clause of this Order shall remain valid and binding on the OAG and Delta.

Q.      This Order shall inure to the benefit of and be binding upon the legal representatives and any successor agency or successor in interest of the OAG and Delta.

R.      The OAG and Delta may seek to enforce this Order, by motion before the Court, to the full extent of the law.

S.      Nothing in this Order is intended to confer any right, remedy, obligation or liability upon any person or entity other than the parties hereto and their respective successors.

T.      In the event of a dispute among the parties regarding any issue that arises under this Order, the parties shall seek in good faith to resolve the dispute among themselves before resorting to litigation.

U.      If, during the term of this Order, the OAG determines that Delta has engaged in  a pattern and practice of violations of this Order, prior to seeking relief from the Court, the OAG shall (in addition to any other obligations under this Order), engage in appropriate and timely consultation with the Department and shall allow the Department reasonable opportunity to take appropriate regulatory action.   Such consultation shall not unreasonably delay the OAG's ability to seek relief from the Court.



V.    All communications regarding this Order shall be sent to:

| | |
|---|---|
| Andrew G. Celli, Jr., Esq. | Thomas J. Noto, Esq. |
| Chief, Civil Rights Bureau | Eugene R. Licker, Esq. |
| Office of the Attorney General | Kirkpatrick & Lockhart LLP. |
| 120 Broadway | 1251 Avenue of the Americas |
| New York, NY 10271 | New York, NY 10020 |

IN WITNESS WHEREOF, the OAG and Delta, intending to be legally bound

hereby, have executed this Order on the date written below.

Dated: New York, New York
       September 17, 1999

DELTA FUNDING CORPORATION
1000 Woodbury Road
Woodbury, NY 11797
516-364-8500

By:_____
    HUGH MILLER
    President and CEO

DELTA FINANCIAL CORPORATION
1000 Woodbury Road
Woodbury, NY 11797

By:_____
    HUGH MILLER
    President and CEO

[signatures continued on next page]

ELIOT SPITZER
Attorney General of the
  State of New York
120 Broadway
New York, New York 10271
(212) 416-8250

By: _____
    ANDREW G. CELLI, JR (AGC-3598)
    Bureau Chief, Civil Rights

MARK G. PETERS (MP-9735)
Deputy Bureau Chief, Civil Rights


    TANYA WASHINGTON (TW-9312)
    MARK FLEISCHER (MF-0493)
    LISA LANDAU (LL-0519)
       Assistant Attorneys General

  Counsel for the OAG


KIRKPATRICK & LOCKHART, LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 536-3916


By: _____
    MICHAEL F. ARMSTRONG (MF-    )
    EUGENE LICKER (EL-    )
    THOMAS J. NOTO (TN-    )
    MELANIE L. HIBBS

STROOK & STROOK & LAVAN, LLP
180 Maiden Lane
New York, New York 10038
(212) 806-5546

By: _____
    ROBERT ABRAMS (RA-    )
    JOSEPH L. FORSTADT (JF-    )

    Counsel for Delta


SO ORDERED:

Sept. 27, 1999                    S/ _____  U.S.D.J.


26

ELIOT SPITZER
Attorney General of the
  State of New York
120 Broadway
New York, New York 10271
(212) 416-8250

By:_____

    ANDREW G. CELLI, JR (AGC-3598)
    Bureau Chief, Civil Rights

    MARK G. PETERS (MP-9735)
    Deputy Bureau Chief, Civil Rights


    TANYA WASHINGTON (TW-9312)
    MARK FLEISCHER (MF-0493)
    LISA LANDAU (LL-0519)
      Assistant Attorneys General


Counsel for the OAG

KIRKPATRICK & LOCKHART, LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 536-3916


By:_____

    MICHAEL F. ARMSTRONG (MA-8572)
    EUGENE LICKER (EL-0334)
    THOMAS J. NOTO (TN-9279)
    MELANIE L. HIBBS (MH-0154)

STROOK & STROOK & LAVAN, LLP
180 Maiden Lane
New York, New York 10038
(212) 806-5546

By:_____

    ROBERT ABRAMS (RA-3744)
    JOSEPH L. FORSTADT (JF-0398)


Counsel for Delta



SO ORDERED:        _____

                  U.S.D.J.